JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Herman Burt, appeals from an October 11, 2006 judgment of the Cuyahoga County Court of Common Pleas, classifying him as a sexual predator and habitual sexual offender. We affirm.
 {¶ 2} Burt was indicted in June 1989 for rape, in violation of R.C.2907.02; gross sexual imposition, in violation of R.C. 2907.05; and kidnapping, in violation of R.C. 2905.01. He pled guilty to the rape and kidnapping charges in October 1989. Upon recommendation of the prosecutor, the trial court nolled the gross sexual imposition charge. The trial court sentenced him to ten to twenty-five years in prison for rape and five to twenty-five years for kidnapping, to run consecutively to one another. The trial court further ordered the sentences be served concurrently to the *Page 3 
sentence imposed in Case No. 210239 (where, on the same day, Burt pled guilty to sexual battery involving a thirteen year old girl).
 {¶ 3} The trial court held a sexual offender classification hearing on October 10, 2006. It found Burt to be a sexual predator, as well as habitual sexual offender. It is from this judgment that Burt appeals, raising a single assignment of error:
 {¶ 4} "[1.] The trial court erred when it classified the appellant as a sexual predator."[1]
 {¶ 5} In State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, the Ohio Supreme Court recently clarified the standard of review applicable to sex offender classifications. The Supreme Court held that "[b]ecause sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence." Id., at the syllabus.
 {¶ 6} The civil manifest-weight-of-the-evidence standard "affords the lower court more deference than the criminal standard." Id. at _26. "Thus, a judgment supported by `some competent, credible evidence going to all the essential elements *Page 4 
of the case' must be affirmed." Id., citing C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 7} R.C. 2950.01(E)(1) defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 8} The state has the burden of proving that the offender is a sexual predator by clear and convincing evidence. Wilson, supra, at _20; R.C. 2950.09(B)(4). "Clear and convincing evidence is evidence that `will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Wilson at _20, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The "clear-and-convincing standard requires a higher degree of proof than a `preponderance of the evidence,' but less than `evidence beyond a reasonable doubt.'" Id., quoting State v. Ingram
(1992), 82 Ohio App.3d 341, 346. Thus, "a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof." State v.Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 9} In making a determination as to whether an offender is a sexual predator pursuant to R.C. 2950.09(B)(3), the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. These factors include, but are not limited to: the offender's age and prior criminal *Page 5 
record; the age of the victim; whether the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense, whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental illness or disability of the offender; and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a)-(j).
 {¶ 10} In the instant matter, because Burt pled guilty to two sexually oriented offenses, the first prong of R.C. 2950.01(E)(1) has been met.[2] Therefore, this court must determine the second prong of R.C.2950.01(E)(1), namely, whether the evidence shows by clear and convincing evidence that Burt will likely engage in one or more sexually oriented offenses in the future.
 {¶ 11} Burt contends that the state failed to present clear and convincing evidence that he was likely to commit a sexually oriented offense in the future. Specifically, he argues that the following factors show that he is not likely to commit a future offense: (1) he committed the offenses at age twenty-four, and he was forty-one at the time of the sexual predator hearing; (2) he did not have a prior adult *Page 6 
criminal record, and only had one juvenile offense; (3) there was no evidence of drug or alcohol use to impair the victim; (4) he did not have a mental illness; and (5) there was no evidence of a pattern of abuse with the victim.
 {¶ 12} Burt is correct that these factors indicate that he is less likely to re-offend. However, "[a] trial court may find an offender to be a sexual predator `even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense.'" State v. Randall (2001),141 Ohio App.3d 160, 166, quoting State v. Clutter (Jan. 28, 2000), 4th Dist. No. 99CA19, 2000 Ohio App. LEXIS 371, at 7.
 {¶ 13} After reviewing the record, we conclude the trial court did not err when it classified Burt as a sexual predator. The trial court relied on a statement from the victim, a report from the Court Psychiatric Clinic, and Burt's institutional record.
 {¶ 14} The trial court found the following R.C. 2950.09(B)(3) factors favored labeling Burt a sexual predator: (1) the victim was only eleven years old at the time of the crime; (2) Burt did not have a prior adult criminal record, but he had a prior criminal record as a juvenile; (3) he did not participate in a sex offender treatment program when the prison offered it; (4) he was diagnosed as a pedophile; (5) there were multiple counts of rape, both vaginal and anal, which constituted cruelty; (6) Burt tried to smother the victim during the rape; and (7) the Court Psychiatric Clinic found Burt to be a moderate-to-high risk to re-offend. *Page 7 
 {¶ 15} The trial court also noted that it was significant that Burt showed no remorse. Burt denied committing the crime when he testified at the sexual offender determination hearing (said that he maintained his innocence and that it was consensual sex), and also denied it to the Court Psychiatric Clinic (told interviewer that the victim's family made up the allegations).
 {¶ 16} Thus, it is clear from the record the trial court considered the evidence, balanced the factors, and determined that there was clear and convincing evidence that Burt was likely to re-offend. Therefore, we conclude the trial court properly classified Burt as a sexual predator. Burt's sole assignment of error is overruled.
 {¶ 17} The judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] Since Burt does not raise or argue that the trial court erred when it labeled him a habitual sexual offender, we will only address his sexual predator classification.
[2] Under R.C. 2950.01(D)(1)(a) and (D)(1)(b)(vi), both rape and kidnapping are sexually oriented offenses. *Page 1